UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LOUIE NUNES and ALESIA NUNES,

    Plaintiffs,

vs.                                               Case No. 5:25-cv-644-MMH-PRL

AMAZON.COM SERVICES, LLC, a
foreign limited liability company,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte. On October 15, 2025, Plaintiffs Louie and Alesia Nunes initiated this action by filing a Complaint and Demand for Jury Trial (Doc. 1; Complaint) against Defendant Amazon.com Services, LLC. Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading."

The Eleventh Circuit has recognized four types of shotgun pleadings.[1] The first type includes pleadings that contain "multiple counts where each count

---

[1] In Weiland, the Eleventh Circuit "identified four rough types or categories of shotgun pleadings." See Barmapov v. Amuial, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (quoting Weiland, 792 F.3d at 1321). As the Barmapov court explained,

> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint "replete

adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 & n.11 (11th Cir. 2015) (collecting cases). As a result, "most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id.

Here, Count II of the Complaint "reaffirms and realleges" each and every allegation in the preceding count. See Complaint ¶¶ 35, 49. This manner of pleading falls squarely into the first category of impermissible shotgun pleadings. See Barmapov, 986 F.3d at 1325 (describing the four general categories of shotgun pleadings) (citing Weiland, 792 F.3d at 1321–23); see also Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771–72 (11th Cir. 2020) (same).

---

with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Barmapov, 986 F.3d at 1324–25 (quoting Weiland, 792 F.3d at 1321–23).

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." See Weiland, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources."[2] Cramer, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the

---

[2] Moreover, as the Eleventh Circuit has emphasized, "[b]esides violating the rules, shotgun pleadings also . . . 'wreak havoc on appellate court dockets, and undermine respect for the courts.'" Barmapov, 986 F.3d at 1324 (citing Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018)).

initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

In light of the foregoing, the Court will strike the Complaint and give Plaintiffs an opportunity to file a corrected complaint which remedies the shotgun nature of the Complaint. Plaintiffs are cautioned that failure to file a corrected complaint that complies with the Rules and this Order will likely result in the dismissal of this action.

As such, it is

**ORDERED**:

1. Plaintiffs' Complaint and Demand for Jury Trial (Doc. 1) is **STRICKEN**.

2. Plaintiffs shall file a corrected complaint[3] consistent with the directives of this Order on or before **November 20, 2025**. Failure to do so may result in a dismissal of this action.

---

[3] The filing of the corrected complaint does not affect any right Plaintiffs may have to amend as a matter of course pursuant to Rule 15(a)(1), Federal Rules of Civil Procedure.

3. Defendant shall respond to the corrected complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in chambers on October 30, 2025.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

lc36
Copies to:
Counsel of Record